UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIM. CASE NO. 3:10-CR-0029-B |
| | § | |
| ROBERT ROYCE JENSEN, JR., | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Robert Royce Jensen, Jr.'s Emergency Motion to Reduce Sentence Under Federal Compassionate Release in Response to COVID-19 Pandemic (Doc. 41). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

**I.**

**BACKGROUND**

On February 18, 2010, Mr. Jensen was charged by information and pleaded guilty to one count of receiving child pornography. Doc. 1, Information; Doc. 3, Plea Agreement.[1] On January 31, 2011, the Court sentenced Mr. Jensen to 170 months of imprisonment on this count with a five-year term of supervised release. Doc. 27, Judgment, 2–3. Mr. Jensen's total offense level, after objections, was thirty-four, due to increases given based on the volume of images he had in his possession, the offensive nature of such images, the age of the children in these images, and his sharing of the same. Doc. 43, Gov't's Resp., 3. Mr. Jensen has served 122 months, or about seventy-two percent, of his

---

[1] Mr. Jensen entered into an amended plea agreement on March 11, 2010. *See* Doc. 13, Am. Plea Agreement.

170-month sentence.  Doc. 41, Def.'s Mot., 5. His projected release date is currently February 20,

2023. *Id.*

Mr. Jensen now seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) on the basis

that he suffers from serious underlying medical conditions that place him at a higher risk for severe

illness or death from COVID-19. *Id.* at 5–6. Mr. Jensen is seventy-two years old, and suffers from

chronic obstructive pulmonary disease (COPD), hypertension, and deep-vein thrombosis. *Id.* at 5.

Mr. Jensen uses several medications, including an inhaler, to treat and manage his ailments. *Id.* He

uses "a walker to ambulate for any long distance[s]." *Id.*

Mr. Jensen is currently serving his sentence at Medical Center for Federal Prisoners (MCFP)

Springfield, located in Greene County, Missouri. *Id.* at 3–4. At this institution, Mr. Jensen has been

assigned to Care Level 3, which means "unstable, complex chronic care[.]" *Id.* at 5 (citing Doc. 41-1,

Individualized Reentry Plan, 4). According to the Bureau of Prisons (BOP), "Care Level 3 inmates

are outpatients who have complex, and usually chronic, medical or mental health conditions and

who require frequent clinical contacts to maintain control or stability of their condition, or to

prevent hospitalization or complications." *Id.* (quoting the BOP Care-Level Classification Guide).

Additionally, MCFP Springfield has one confirmed active case of the COVID-19 virus among its

inmates.[2]

Mr. Jensen filed his emergency motion with this Court on June 8, 2020. Doc. 41, Def.'s Mot.

The Court ordered the Government to file a response. Doc. 42, Order. The Court has received a

---

[2] The BOP's inmate locator and COVID-19 cases websites are available at https://www.bop.gov/inmateloc/ and https://www.bop.gov/coronavirus/ (last visited June 22, 2020), respectively.

response in opposition from the Government (Doc. 43), and a reply from Mr. Jensen (Doc. 44). Upon review, the Court concludes that Mr. Jensen is not currently eligible for a sentence modification.

## II.

## LEGAL STANDARD

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)); *see id.* at 693 n.1. The Court's decision must also be "consistent with the applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A); *see United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) ("[A] court may modify a defendant's sentence after considering the factors set forth in § 3553(a) to the extent applicable if it finds that extraordinary and compelling reasons warrant such a reduction and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (internal quotations and citations omitted)).

## III.

## ANALYSIS

The Court finds that Mr. Jensen has not currently shown "extraordinary and compelling reasons" to warrant a sentence modification under § 3582. Mr. Jensen has not shown that his health

conditions qualify as extraordinary or compelling reasons or that the BOP is incapable of managing

the spread of COVID-19 at MCFP Springfield. As explained in greater detail below, Mr. Jensen's

motion for compassionate release is **DENIED without prejudice**.

A.     *Exhaustion of Administrative Remedies*

It appears that Mr. Jensen has fulfilled the exhaustion requirement of § 3582(c)(1)(A). On

May 5, 2020, the Warden of MCFP Springfield sent a letter to the BOP's Office of General Counsel,

requesting compassionate release on Mr. Jensen's behalf. Doc. 41, Def.'s Mot., 9 (citing Doc. 41-3,

Warden's letter). On May 15, 2020, General Counsel for the BOP denied this request. *Id.* (citing

Doc. 41-4, Reduction in Sentence (RIS) Denial, 1–2). The Government does not dispute that Mr.

Jensen has fulfilled his exhaustion requirements. The Court thus proceeds to the sentence-

modification arguments.

B.     *Section 3582*

Based on the § 3553(a) factors and the applicable policy statements issued by the Sentencing

Commission, the Court finds that Mr. Jensen has not, at this time, shown extraordinary and

compelling reasons to warrant a sentence reduction. "The policy statement applicable to

compassionate release—[the United States Sentencing Guidelines (U.S.S.G.)] § 1B1.13—sets forth

three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v.*

*Delgado*, 2020 WL 2542624, at *2 (N.D. Tex. May 19, 2020) (citing *Muniz*, 2020 WL 1540325, at

*1 (citing U.S.S.G. § 1B1.13(1)(A) & cmt. n.1)). "Among these are the 'medical condition of the

defendant,' including where the defendant is 'suffering from a serious physical or medical

condition . . . that substantially diminishes the ability of the defendant to provide self-care within the

environment of a correctional facility and from which he or she is not expected to recover.'" Order,

at 7, *United States v. Lee*, No. 3:07-CR-0289-M-2 (N.D. Tex. Apr. 23, 2020), ECF. No. 1950 (quoting *Muniz*, 2020 WL 1540325, at *1). Additionally, "[t]he policy statement [] requires that the defendant not pose a danger to the safety of the community." *Id.* at 8 (quoting *Muniz*, 2020 WL 1540325, at *1).

Mr. Jensen argues that his risk of contracting COVID-19 in the BOP system, combined with his age and preexisting health conditions, qualify as extraordinary conditions warranting his early release. Doc. 44, Def.'s Reply, 2–3. Mr. Jensen further asserts that the BOP has not shown that it can control the spread of COVID-19 generally. Doc. 41, Def.'s Mot., 11–13. And finally, Mr. Jensen claims that he would not pose a danger to the safety of the community if released. *Id.* at 13–14. To support this claim, Mr. Jensen indicates that he received psychological treatment before he was sentenced, that the BOP evaluated him as having a low risk of recidivism, and that he has a verifiable reentry plan that would include further treatment and conditions to ensure he does not recidivate. *Id.* at 6–7, 13–14; Doc. 41-2, First Step Review; Doc. 44, Def.'s Reply, 1–2.

While the Court does not discount that Mr. Jensen's age and preexisting conditions place him at a heightened risk of developing a severe illness if he contracts COVID-19, the MCFP Springfield has only one case of COVID-19 at this time. *See supra* at 2 n.2. "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (citation omitted). Mr. Jensen's general complaints about the BOP's management of COVID-19 do not show that the BOP has failed to adequately control the spread of the virus at his facility. *See* Doc. 41, Def.'s Mot., 11–13. And although courts in this district have granted compassionate release motions

based on facts similar to those presented here, those cases involve facilities where the virus had run rampant in the prison population. *See, e.g.*, Order at 8, *Lee*, No. 3:07-CR-0289-M-2, ECF No. 1950 ("Lee's older age and, moreover, his preexisting medical conditions . . . and his recent hospitalization . . . combined with the rapid spread of COVID-19 at FCI Oakdale, persuade the Court that he 'presents an extraordinary and compelling reason for compassionate release . . . .'").

Absent specific evidence that MCFP Springfield is not taking the necessary precautions to curb the spread of the virus or that the virus has spread beyond a single case, the Court declines to find extraordinary circumstances are present as to Mr. Jensen. *See United States v. Mun*, 2020 WL 3038082, at *2 (N.D. Tex. June 4, 2020) (denying motion for compassionate release where defendant did not show, among other things, that "the virus has spread widely at FCI Seagoville," or that "the safety measures the BOP has implemented at FCI Seagoville are ineffective at protecting against the spread of COVID-19") (citation omitted); *see also United States v. Lyons*, 2020 WL 3129696, at *2 (N.D. Tex. June 11, 2020) ("[G]eneral concerns about COVID-19 without more are simply insufficient to invoke Section 3582(c)(1)(A), especially considering that there are only 10 positive cases among inmates and staff at FCI Fairton.").

The Court also notes the Government's contention that Mr. Jensen has failed to provide sufficient documentation of his asserted medical conditions. Doc. 43, Gov't's Resp., 7. In Mr. Jensen's reply, he responds that the information he has provided—*e.g.*, the Reduction in Sentence denial from the BOP Assistant Director—sufficiently corroborates that he suffers from COPD, hypertension, and deep-vein thrombosis. Doc. 44, Def.'s Reply, 3; *see* Doc. 41-4, RIS Denial, 1–2. The Court does not decide here whether this letter is sufficient to prove his purportedly severe preexisting conditions. But should Mr. Jensen refile his motion on the basis that cases at MCFP Springfield have spread or

that the safety measures implemented at that facility are ineffective, the Court might have to decide this issue. Further, the document that Mr. Jensen relies on to corroborate his conditions also states that he remains in "stable" condition and is independent with all aspects of self-care. *Id.* at 2.

With that in mind, Mr. Jensen is advised that this Court and others have denied compassionate release motions where prisoners fail to provide adequate and recent medical records. *See Delgado*, 2020 WL 2542624, at *3; *Lyons*, 2020 WL 3129696, at *2. Recent, specific medical records that document Mr. Jensen's current symptoms and own unique circumstances, beyond just a recital of conditions, would allow the Court to better evaluate the severity of his conditions and his current ability to provide self-care. *See* Order at 8, *United States v. Spalding*, No. 3:13-CR-0422-M-1 (N.D. Tex. May 22, 2020), ECF No. 347 (denying compassionate release motion where the defendant with COPD had not presented recent and specific medical information about his condition). To be sure, the Court does not decide this issue here—the Court is simply advising Mr. Jensen that additional evidence of his medical condition would bolster a successive § 3582 motion.

## IV.

## CONCLUSION

For the foregoing reasons, Mr. Jensen's Emergency Motion to Reduce Sentence Under Federal Compassionate Release in Response to COVID-19 Pandemic (Doc. 41) is **DENIED WITHOUT PREJUDICE**, because Mr. Jensen has not provided extraordinary and compelling reasons for compassionate release. Mr. Jensen may refile his motion in accordance with this order—*i.e.*, if the circumstances at MCFP Springfield change with respect to COVID-19 or if he provides specific information that MCFP Springfield is unable to effectively manage the spread of the virus. Additionally, if Mr. Jensen refiles a motion based on the above, the Court recommends that

he obtains and provides recent medical information to supplement what he has already provided.

By denying Mr. Jensen's motion without prejudice, the Court permits Mr. Jensen to file a subsequent motion for compassionate release in the event circumstances later rise to the level of extraordinary and compelling. Nevertheless, the Court reiterates that to grant compassionate release under § 3582(c)(1)(A), the Court must also conclude that Mr. Jensen "is not a danger to the safety of any other person or to the community[.]" § 1B1.13(2). Because the Court holds that Mr. Jensen currently lacks extraordinary reasons warranting release, the Court need not reach this issue today.

**SO ORDERED.**

**SIGNED: June 24, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE