UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. |
| | § | 3:10-CR-0029-B-1 |
| ROBERT ROYCE JENSEN, JR., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Robert Royce Jensen, Jr.'s Motion for Reconsideration (Doc. 46). For the reasons that follow, the motion is **DENIED**.

### I.

### BACKGROUND

On February 18, 2010, Mr. Jensen was charged by information and pleaded guilty to one count of receiving child pornography. Doc. 1, Information; Doc. 3, Plea Agreement.[1] On January 31, 2011, the Court sentenced Mr. Jensen to 170 months of imprisonment on this count with a five-year term of supervised release. Doc. 27, J., 2–3. Mr. Jensen's total offense level, after objections, was thirty-four, due to the volume of images he possessed, their offensive nature, the ages of the children depicted in them, and his sharing of the images. Doc. 43, Gov't's Resp., 3. Mr. Jensen has served approximately 123 months, or about seventy-two percent, of his 170-month sentence. Doc. 41, Def.'s Mot. for Compassionate Release, 5. His projected release date is currently February 20, 2023.

---

[1] Mr. Jensen entered into an amended plea agreement on March 11, 2010. *See* Doc. 13, Am. Plea Agreement.

-1-

*Id.*

On June 8, 2020, Mr. Jensen filed a motion for compassionate release (Doc. 41) on the basis that he suffers from serious underlying medical conditions that place him at a higher risk for severe illness or death should he contract COVID-19. Doc. 41, Def.'s Mot. for Compassionate Release, 5–6. Particularly, Mr. Jensen stated that he is seventy-two years old and suffers from chronic obstructive pulmonary disease (COPD), hypertension, and deep-vein thrombosis. *Id.* at 5. The Court denied Mr. Jensen's motion on June 24, 2020, on the grounds that he did not demonstrate "extraordinary and compelling reasons to warrant a sentence reduction." Doc. 45, Mem. Op. & Order, 4. While the Court "d[id] not discount that Mr. Jensen's age and preexisting conditions place him at a heightened risk of developing a severe illness if he contracts COVID-19," it noted that the Medical Center for Federal Prisoners (MCFP) Springfield, where Mr. Jensen resides, had only one case of COVID-19 at the time. *Id.* at 5. It further explained that generalized "complaints about the BOP's management of COVID-19 do not show that the BOP has failed to adequately control the spread of the virus at [Mr. Jensen's] facility." *Id.* Finally, the Court noted that Mr. Jensen failed to provide, in support of his motion, sufficient documentation of his asserted medical conditions. *Id.* at 6.

On August 11, 2020, Mr. Jensen filed the pending motion for reconsideration (Doc. 46). He reiterates that his "age and pre-existing health conditions" pose a risk for "severe disease or death from COVID[-19]." Doc. 46, Def.'s Mot. for Recons., 4. He also now provides copies of his BOP medical records to substantiate the preexisting conditions alleged in his motion for compassionate release and points out that he has the following additional medical conditions: "four leg clots, a pulmonary embolism, a closed head injury, varicose veins with complications, cellulitis, dermatitis, pre-diabetes, [and] shortness of breath on at least [three] separate occasions[.]" *Id.* Further, Mr.

Jensen again urges the Court to consider the BOP's alleged mismanagement of the spread of the virus and the potential for MCFP Springfield to "repeat[] what happened at FCI Seagoville, FCI Oakdale, and many others." *Id.* at 7. Because the Court again finds that Mr. Jensen has failed to demonstrate extraordinary and compelling reasons warranting release, and because the § 3553(a) factors weigh against release, Mr. Jensen's motion is **DENIED**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

A.   *Mr. Jensen Has Not Demonstrated Extraordinary and Compelling Reasons Warranting Release.*

Based on the § 3553(a) factors and the applicable policy statement issued by the Sentencing Commission, the Court finds that Mr. Jensen has not, at this time, shown extraordinary and compelling reasons to warrant a sentence reduction. "The policy statement applicable to compassionate release—[the United States Sentencing Guidelines (U.S.S.G.)] § 1B1.13—'sets forth

three circumstances that are considered extraordinary and compelling reasons.'" *United States v. Delgado*, 2020 WL 2542624, at *2 (N.D. Tex. May 19, 2020) (quoting *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020)); *see also* U.S.S.G. § 1B1.13(1)(A). "Among these are the 'medical condition of the defendant,' including where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" *Muniz*, 2020 WL 1540325, at *1 (quoting U.S.S.G. § 1B1.13 cmt. n.1). Additionally, "[t]he policy statement . . . requires that the defendant not pose a danger to the safety of the community." *Id.*

As he did in his motion for compassionate release, Mr. Jensen argues that his risk of contracting COVID-19 at his facility, combined with his age and preexisting health conditions, qualify as extraordinary conditions warranting early release. Doc. 46, Def.'s Mot. for Recons., 4–7. But it remains the case that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (citation omitted). And Mr. Jensen's general complaints about the BOP's management of COVID-19 do not show that the BOP has failed to adequately control the spread of the virus at his facility. *See* Doc. 41, Def.'s Mot. for Compassionate Release, 11–13; Doc. 46, Def.'s Mot. for Recons., 6–8. To the contrary, as of September 11, 2020, MCFP Springfield has only four active cases of COVID-19 among prison

inmates and staff.[2]

The Court declines to find extraordinary circumstances absent specific evidence that MCFP Springfield is not taking proper precautions to curb the spread of the virus. *See United States v. Lyons*, 2020 WL 3129696, at *2 (N.D. Tex. June 11, 2020) ("[G]eneral concerns about COVID-19 without more are simply insufficient to invoke Section 3582(c)(1)(A), especially considering that there are only 10 positive cases among inmates and staff at FCI Fairton."); *see also United States v. Mun*, 2020 WL 3038082, at *2 (N.D. Tex. June 4, 2020) (denying motion for compassionate release where defendant did not show, among other things, that "the virus has spread widely at FCI Seagoville," or that "the safety measures the BOP has implemented at FCI Seagoville are ineffective at protecting against the spread of COVID-19") (citation omitted). And the Court does not find relevant the various BOP press releases Mr. Jensen appended to his motion for reconsideration noting inmate deaths at other facilities. *See generally* Doc. 46-3, BOP Press Releases. Nor does the Court credit Mr. Jensen's speculation that the "low numbers at [MCFP] Springfield may be due to the BOP's policy of quarantining over testing." Doc. 46, Def.'s Mot. for Recons. 8.

Additionally, while the medical records Mr. Jensen attached to his motion for reconsideration indeed reflect that he currently suffers from hyperlipidemia, hypertension, thrombosis resulting in "4 leg clots, both legs, over a period of 4 years," COPD, varicose veins, and pre-diabetes, nothing before the Court indicates that those conditions are not under control. Doc. 46-6, BOP Med. Recs., 1–6. To the contrary, it appears from the medical records that most of these conditions are managed with medication. *See id.* at 1 (noting Mr. Jensen is "on furosemide, diltiazem, and potassium chloride

---

[2] The BOP's COVID-19 statistics by facility may be accessed on the BOP's website, https://www.bop.gov/coronavirus/.

for his hypertension); *id.* at 4 (noting that Mr. Jensen is on anticoagulants for his thrombosis); *id.* at 5 (noting that Mr. Jensen "uses albuterol inhaler" for his COPD). Moreover, it appears Mr. Jensen has not visited medical staff for some of these conditions in years; for example, Mr. Jensen has not visited medical staff for his COPD since 2017 or for his hypertension since 2018. *See id.* at 1, 5. Lastly, Mr. Jensen's shortness of breath—occurring most recently in 2016—is noted as "resolved" in Mr. Jensen's records. *Id.* at 8–9. The Court does not discount that Mr. Jensen's age and some of his preexisting conditions place him at a heightened risk of developing a severe illness if he contracts COVID-19. Nonetheless, the Court finds that Mr. Jensen's medical state, without more, is not an extraordinary and compelling circumstance warranting release.

B.   *The Section 3553(a) Factors Weigh Against Release.*

Finally, even if Mr. Jensen's medical condition constituted an extraordinary and compelling reason warranting release, the Court must consider the sentencing factors set forth in § 3553(a), to the extent they are applicable. And the Court is not persuaded that these factors support Mr. Jensen's request. Mr. Jensen was convicted of receipt of child pornography. The Government seized over 600 still images and videos depicting prepubescent minors engaged in illicit sex acts. Doc. 4, Factual Resume, 2–3. In its response to Mr. Jensen's compassionate release motion, the Government describes the particularly heinous nature of the images seized from Mr. Jensen's devices, and the Court will not recount it here. *See* Doc. 43, Gov't's Resp. Mot. for Compassionate Release, 2–3. Though Mr. Jensen has served approximately seventy-two percent of his term, the Court determines that the 123 months he has served thus far do not adequately reflect the seriousness of his offense given its "nature and circumstances." *See* § 3553(a)(1). Nor would a sentence reduction "provide just punishment" to Mr. Jensen, "promote respect for the law," or "afford adequate deterrence." *Id.* §

3553(a)(2)(A), (B). Though Mr. Jensen argues that he is no longer a danger to the public, Doc. 46, Mot. for Recons., 9–10, the Court finds that, on balance, the § 3553(a) factors weigh against his release.

## IV.

## CONCLUSION

For the reasons stated, Mr. Jensen's Motion for Reconsideration (Doc. 46) is **DENIED.**

**SO ORDERED.**

**SIGNED: September 14, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE